# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. Dan Aaron Polster, U.S. District Judge, presiding ("District Court"), Plaintiff Cisely White, individually and on behalf of the Class Members, and Defendant D & J Quality Care Enterprises Inc. d/b/a ComForCare ("ComForCare"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Cisely White v. D & J Quality Care Enterprises Inc. d/b/a ComForCare* Case No. 1:17-cv-138.

2. "Representative Plaintiff" or "Plaintiff" shall mean Cisely White.

3. "Defendant" shall mean D & J Quality Care Enterprises Inc. d/b/a ComForCare and all of its former, current and respective officers, directors, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Class Members" shall consist of Representative Plaintiff, the "Existing Opt-In Party Plaintiffs," and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5. "Existing Opt-In Party Plaintiff" consists of four (4) employees, Jessica Johnston, Latisha Kelley, and Mayra Pavon who have already joined the case, and who are current and/or former home health aides of Defendant.

6. "Eligible Settlement Participants" consist of the 176 employees identified in Appendix 1 as "Eligible Settlement Participants" who have not already joined the case, and who are current and former non-exempt home health aides of Defendant who worked over 40 hours in one or more workweeks between January 1, 2015 and June 11, 2017, and who were paid their regular hourly rate, rather than the overtime rate of one and one-half their hourly rate for hours worked over 40.

7. "Parties" shall mean the Representative Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

8. "Class Counsel" are Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm. "Defendant's Counsel" are Walter F. Ehrnfelt and Thomas M. Ehrnfelt of Waldheger Coyne.

9. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On January 19, 2017, Representative Plaintiff Cisely White commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11. In the Action, Plaintiff alleged that Defendant failed to pay its non-exempt home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

12. Defendant answered the Complaint denying full liability and disputing the damages asserted by Plaintiff.

13. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment.  Defendant denies the allegations.

14. Between April 2017 and August 2017, the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendant's defenses to such claims.

15. On August 28, 2017, the Parties reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

16. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

17. Class Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendant, including researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

18. This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has liability to Plaintiff on all of those claims.

## SETTLEMENT PAYMENTS

19. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is Ninety-Five Thousand Dollars ($95,000.00), which sum will cover: (a) all of the Individual Payments to the Class Members; (b) Representative Plaintiff's Representative Payment; and (c) Class Counsel's attorneys' fees and expenses.

20. **Settlement Payments to Class Members:** Forty-Eight Thousand Seven Hundred Twelve Dollars and Forty-Three Cents ($48,712.43) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members.

21. **Calculation of Individual Payments:** The Individual Payments, after deduction of the Class Representative Payment and Class Counsel's attorneys' fees and expenses from the Total Eligible Settlement Amount, were calculated by Defendant's Counsel and approved by Class Counsel, and are based proportionally on Representative Plaintiff's, Existing Opt-In Party Plaintiff's, and each Eligible Settlement Participant's alleged overtime damages during the Calculation Period.  The Individual Payments are provided in Appendix 1.

22. **Calculation Period:** The Calculation Period for the Class Members shall mean the period between January 1, 2015 and June 11, 2017.

23. **Retention of Individual Payments:** Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Defendant.

24. **Treatment of Individual Payments:** Each Class Member's Individual Payment will be treated as payment for wages, and Defendant will issue to each Class Member an IRS Form W-2 for all amounts paid as wages under this Settlement.  Defendant will determine the proper tax withholding amounts on the wage payments in accordance with each Class Member's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes required by law.

25. **Class Representative Payment:**  Five Hundred Dollars ($500.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Cisely White, in addition to her Individual Payment, in exchange for signing a general mutual release of all claims (proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement), including all pending claims, against Defendant.  Defendant will issue to Representative Plaintiff a Form 1099-Misc. with respect to the Class Representative Payment.

26. **Class Counsel's Attorneys' Fees and Expenses:** Forty-Four Thousand One Hundred Forty-Seven Dollars and Eighty-Two Cents ($44,147.82) of the Total Eligible Settlement Amount will be paid to Class Counsel for attorneys' fees, and One Thousand Six Hundred Thirty-Nine Dollars and Seventy-Five Cents ($1,639.75) of the Total Eligible Settlement Amount will be paid to Class Counsel for expenses.  Defendant will issue to Class Counsel a Form1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

27. **Released Claims:** The Class Members will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

28. **Released Period:** The Released Period for the Class Members shall mean the period between January 1, 2015 and June 11, 2017.

29. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Class Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

30. **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

31. **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

32. **Joint Motion for Approval of Settlement:** On or before November 9, 2017, the Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit D to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Class Members and Class Counsel, and entering judgment dismissing the Action with prejudice.

33. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, at Defendant's costs.

## SETTLEMENT ADMINISTRATION

34. **Contact Information for Class Members:** Within five (5) days after the District Court grants final approval of the Settlement, Defendant will provide to Class Counsel a spreadsheet containing the names, last known addresses, last known email addresses, and last known phone numbers, to the extent that Defendant has this information, of the Existing Opt-In Party Plaintiff and Eligible Settlement Participants, according to records maintained by Defendant.

35. **Distribution of Notice and Consent and Release Forms:** Class Counsel will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail and email, if available, within fourteen (14) days after the District Court grants final approval of the Settlement. Class Counsel will perform address updating through the National Change of Address Database before the notice is mailed. If any notices are returned as undeliverable, Class Counsel will advise Defendant's Counsel, and the parties will make reasonable efforts to locate the Class Members and re-send the Notices.

36. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement.  The Eligible Settlement Participants may return Consent and Release Forms to Class Counsel within thirty (30) days after the mailing of the notice.  The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Class Counsel within the thirty (30) day period to be timely.

37. **Filing of Consent and Release Forms:** Upon receipt of the executed Consent and Release Forms from Eligible Settlement Participants, Class Counsel will file them with the Court.  Within seven (7) days after the consent period is completed, all of the Eligible Opt-In Party Plaintiffs' Consent and Release Forms must be filed with the District Court.

38. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Class Members, calculated pursuant to paragraph 21, shall be filed with the Court within seven (7) days after the consent period is completed.

39. **Distribution of Individual Payments to Class Members:** Defendant will issue the Individual Payment checks payable to the Class Members and mail them via First-Class Mail within fourteen (14) days after the close of the Consent Period.  If any Individual Payment checks are returned as undeliverable to Defendant, Defendant will mail the checks to Class Counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks.   Any checks that become lost or void during the (6) month period after each distribution will be reissued to any Class Member upon request and without charge to the Class Member.

40. **Distribution of Payments to Representative Plaintiff and Class Counsel:** Defendant will issue the checks payable to Representative Plaintiff for her Individual Payment and Class Representative Payment, and a check payable to each Class Counsel for the attorneys' fees and expenses by mailing them within fourteen (14) days after the close of the Consent Period.

41. **Unclaimed Payments:** All Individual Payments shall remain negotiable for an 8-month period after the date of each distribution.  To the extent there are any Individual Payments to any Class Members that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defendant will advise Class Counsel of such amounts.  Any amounts not cashed after eight (8) months of distribution of the settlement checks shall be retained by Defendant.

42. **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 30-day consent period, Class Counsel will notify Defendant's counsel within three (3) business days.  Defendant will decide, in its sole discretion and within three (3) business days of receiving notice from Class Counsel, whether to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement.  If Defendant decides to allow the late Eligible Settlement Participants to become Opt-In Party Plaintiffs and participate in the Settlement, Class Counsel shall immediately file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice.  Defendant

will mail the appropriate Settlement Payments directly to them within fourteen (14) days after their Consent and Release forms are filed with the Court.

## PARTIES' AUTHORITY

43. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

44. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

45. The Parties and Class Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

46. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## NO ADMISSION OF CLASS LIABILITY

47. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

48. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

49. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

50. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

51. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

52. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

53. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

54. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

## CLASS SIGNATORIES

55. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Class Members. It is agreed that it is burdensome to have all

of the Class Members execute this Agreement.  This Agreement shall have the same force and effect as if each Class Member executed this Agreement.

    IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____         CISELY WHITE

                                              _____
                                              Representative Plaintiff, Individually
                                              and on Behalf of the Class Members

Dated: _____         D & J QUALITY CARE ENTERPRISES INC. D/B/A COMFORCARE

                                              _____

                                              By:_____

                                              Its:_____

Dated: _____         LORI M. GRIFFIN
                                              THE LAZZARO LAW FIRM, LLC

                                              _____
                                              Class Counsel

Dated: _____         WALTER F. EHRNFELT
                                              WALDHEGER COYNE
                                              A Legal Professional Association

                                              _____
                                              Defendant's Counsel

*White v. D J Quality Care Enterprises Inc. d/b/a ComForCare*

**Appendix 1**

| Name | Total OT Owed | Total Travel Time Owed | Total Owed |
|---|---:|---:|---:|
| Ighos Adiman | $11.88 | $16.20 | $28.08 |
| Emily Adkins | $0.00 | $36.45 | $36.45 |
| Roxanne Adkins | $0.00 | $4.08 | $4.08 |
| Nicholas Allen-Torres | $0.00 | $46.61 | $46.61 |
| Shelicia Amie | $0.00 | $36.45 | $36.45 |
| Destiny Armelli | $0.00 | $182.25 | $182.25 |
| Colleen Arrowood | $1,440.19 | $5.08 | $1,445.27 |
| Carla Bell | $0.00 | $2.03 | $2.03 |
| Kayla Bell | $0.00 | $20.25 | $20.25 |
| Betsy Benitez | $0.00 | $12.15 | $12.15 |
| Lutrenia Benson | $152.50 | $6.08 | $158.58 |
| Brittany Bibby | $799.02 | $0.00 | $799.02 |
| Brittney Bibby | $0.00 | $25.42 | $25.42 |
| Tiffany Bobo | $0.00 | $300.71 | $300.71 |
| Margaret Bowman | $0.00 | $1,186.56 | $1,186.56 |
| Shannon Brinkman | $0.00 | $4.05 | $4.05 |
| Achana Brown | $0.00 | $14.18 | $14.18 |
| Tena Brown | $0.00 | $6.08 | $6.08 |
| Tina Brown | $0.00 | $12.23 | $12.23 |
| Kayla Bucker | $0.00 | $362.48 | $362.48 |
| Kayla Buckner | $376.22 | $0.00 | $376.22 |
| Halimah Burnett | $0.00 | $2.03 | $2.03 |
| Courtney Burns | $0.00 | $46.58 | $46.58 |
| Cheri Burton | $1,558.47 | $0.00 | $1,558.47 |
| Cherie Burton | $91.44 | $1,813.18 | $1,904.62 |
| Tiffany Burton | $0.00 | $50.63 | $50.63 |
| Rocklyn Campbell | $0.00 | $40.50 | $40.50 |
| Yashira Cancel | $0.00 | $2.03 | $2.03 |
| Sylvia Cannan | $0.00 | $8.10 | $8.10 |
| Shauna Caputi | $0.00 | $30.56 | $30.56 |
| Carmen Caraballo | $0.00 | $16.20 | $16.20 |
| Elizabeth Caudill | $0.00 | $6.11 | $6.11 |
| Jonnetta Cheney | $0.00 | $4.05 | $4.05 |
| Amanda Clark | $0.00 | $86.06 | $86.06 |
| Patricia Colvin | $0.00 | $4.05 | $4.05 |
| Randy Corbin | $1,794.01 | $859.35 | $2,653.36 |
| Tanashia Cousins | $0.00 | $4.05 | $4.05 |
| Deidre Cummings | $48.75 | $28.35 | $77.10 |
| Jessica Daley | $0.00 | $46.78 | $46.78 |
| Jessica Dargocey | $456.63 | $99.84 | $556.47 |
| Eileen Darr | $0.00 | $4.08 | $4.08 |
| Bianca Davis | $0.00 | $4.05 | $4.05 |

*White v. D J Quality Care Enterprises Inc. d/b/a ComForCare*

**Appendix 1**

| Name | Total OT Owed | Total Travel Time Owed | Total Owed |
|---|---|---|---|
| Bianca Lynn Davis | $17.81 | $8.10 | $25.91 |
| Mercedes Davis | $83.13 | $4.05 | $87.18 |
| Natalyia DeJesus | $0.00 | $22.41 | $22.41 |
| Rita Dempsey | $1,633.43 | $295.74 | $1,929.17 |
| Lindsey Dennison | $0.00 | $65.20 | $65.20 |
| Audrey Didek | $0.00 | $54.68 | $54.68 |
| Lisa Dietz | $0.00 | $4.05 | $4.05 |
| Dominique Dix | $0.00 | $4.05 | $4.05 |
| Kelly Dockery | $0.00 | $4.05 | $4.05 |
| Kathleen Dowdell | $0.00 | $52.98 | $52.98 |
| Mary Eberhardt | $40.38 | $0.00 | $40.38 |
| Teshika Elder | $0.00 | $4.05 | $4.05 |
| Roslind Elliott | $0.00 | $4.05 | $4.05 |
| Louise Faulkner | $2,240.37 | $11.14 | $2,251.50 |
| Melody Fisher | $0.00 | $8.10 | $8.10 |
| Thabitha Flores | $0.00 | $4.05 | $4.05 |
| Michelle Flury | $42.28 | $505.24 | $547.52 |
| Sonya Ford-Stevens | $187.63 | $248.06 | $435.69 |
| Maria Fouchard | $0.00 | $4.05 | $4.05 |
| Tatiana Garcia | $0.00 | $4.05 | $4.05 |
| Tina Goble | $0.00 | $858.60 | $858.60 |
| Kathleen Goins | $0.00 | $32.40 | $32.40 |
| Rosa Gonzalex | $0.00 | $6.08 | $6.08 |
| Lissette Gonzalez | $28.50 | $0.00 | $28.50 |
| Maria Gonzalez | $0.00 | $10.13 | $10.13 |
| Brandon Hagan | $0.00 | $24.45 | $24.45 |
| Brianna Hagan | $0.00 | $44.83 | $44.83 |
| Princess Hale | $0.00 | $2.03 | $2.03 |
| Heather Hanyok | $0.00 | $403.05 | $403.05 |
| Tiffany Haynes | $0.00 | $4.08 | $4.08 |
| Shernika Haywood | $0.00 | $150.28 | $150.28 |
| Janet Held | $0.00 | $76.95 | $76.95 |
| Stephanie Hendershot | $0.00 | $4.05 | $4.05 |
| Shameka Hicks | $119.19 | $119.48 | $238.66 |
| Michelle Hill | $0.00 | $8.10 | $8.10 |
| David Hodges | $0.00 | $28.53 | $28.53 |
| Hayley Hollis | $0.00 | $384.14 | $384.14 |
| Michelle Holmes | $0.00 | $74.93 | $74.93 |
| Melvina Hughes | $19.00 | $38.51 | $57.51 |
| Valerie Hughey | $163.31 | $113.40 | $276.71 |
| Nadine Hunter | $0.00 | $367.69 | $367.69 |
| Jahira Hurst | $0.00 | $4.05 | $4.05 |

*White v. D J Quality Care Enterprises Inc. d/b/a ComForCare*
**Appendix 1**

| Name | Total OT Owed | Total Travel Time Owed | Total Owed |
|---|---|---|---|
| Brittanee Jenkins | $0.00 | $4.05 | $4.05 |
| Lisa Johnson | $0.00 | $313.88 | $313.88 |
| Jessica Johnston | $127.50 | $147.83 | $275.33 |
| Jaclynn Jones | $0.00 | $8.10 | $8.10 |
| Latisha Kelley | $22.50 | $70.88 | $93.38 |
| Delee Khoury | $86.38 | $14.23 | $100.60 |
| Tyler Lapohn | $0.00 | $4.08 | $4.08 |
| Michelle Laster | $983.56 | $175.16 | $1,158.73 |
| De'Ara Lawrence | $0.00 | $30.38 | $30.38 |
| Sarah Lawson | $0.00 | $18.28 | $18.28 |
| Sarah Lawson (2) | $0.00 | $46.58 | $46.58 |
| Tracy Lawson | $664.08 | $0.00 | $664.08 |
| Debra Legard | $0.00 | $4.05 | $4.05 |
| Cathy Legleitner | $0.00 | $10.13 | $10.13 |
| Ciara Loera | $0.00 | $29.36 | $29.36 |
| Katherine Lozada | $0.00 | $12.23 | $12.23 |
| Kim Lucan | $0.00 | $472.84 | $472.84 |
| Nickollette Lucas | $0.00 | $4.05 | $4.05 |
| Shannon Lundy | $121.38 | $14.18 | $135.55 |
| Rose Machor | $0.00 | $14.18 | $14.18 |
| Shenai Maddox | $0.00 | $148.19 | $148.19 |
| Comfort Mansu | $2,966.03 | $6.11 | $2,972.14 |
| Breona Matysiuk | $0.00 | $65.20 | $65.20 |
| Jasmine McCrea | $0.00 | $14.18 | $14.18 |
| Laquvia McDaniel | $0.00 | $16.20 | $16.20 |
| Nicole McPeters | $0.00 | $26.35 | $26.35 |
| Sonnytta Moye | $277.50 | $48.60 | $326.10 |
| Arneida Murphy | $0.00 | $4.05 | $4.05 |
| Christy Musolf | $37.50 | $876.83 | $914.33 |
| Lynn Nelson | $0.00 | $4.08 | $4.08 |
| Beverly New | $1.19 | $38.48 | $39.66 |
| Nicole Newsham | $29.25 | $25.31 | $54.56 |
| Ashley Norwood | $0.00 | $4.08 | $4.08 |
| Peyton Noviski | $0.00 | $24.34 | $24.34 |
| Mayra Pavon | $524.86 | $6.08 | $530.94 |
| Myra Pavon | $0.00 | $2.04 | $2.04 |
| Felicia Peah | $39.19 | $0.00 | $39.19 |
| Kathryn Pierce | $0.00 | $40.53 | $40.53 |
| Megan Pierce | $0.00 | $4.05 | $4.05 |
| Elaine Plumb | $0.00 | $52.65 | $52.65 |
| Detreita Pollard | $0.00 | $50.90 | $50.90 |
| Aliya Porter | $0.00 | $18.34 | $18.34 |

*White v. D J Quality Care Enterprises Inc. d/b/a ComForCare*
**Appendix 1**

| Name | Total OT Owed | Total Travel Time Owed | Total Owed |
|---|---:|---:|---:|
| Ka'Dajah Price | $0.00 | $8.10 | $8.10 |
| Jackalynn Putman | $0.00 | $24.30 | $24.30 |
| Etleva Qushku | $118.31 | $94.16 | $212.48 |
| Elizabeth Rainey | $0.00 | $95.20 | $95.20 |
| Teshima Ransom | $0.00 | $4.05 | $4.05 |
| Brittney Ritter | $0.00 | $4.08 | $4.08 |
| Crystal Rubesne | $0.00 | $869.50 | $869.50 |
| Sharouk Sadek | $17.81 | $0.00 | $17.81 |
| Shurouk Sadek | $0.00 | $411.08 | $411.08 |
| Amber Scaife | $26.13 | $4.05 | $30.18 |
| Donna Seelbach | $0.00 | $97.20 | $97.20 |
| Rachel Sheats | $0.00 | $4.08 | $4.08 |
| Danielle Shepard | $0.00 | $2.03 | $2.03 |
| Hanan Shihadeh | $8,905.72 | $298.36 | $9,204.08 |
| Marie Shumway | $0.00 | $4.05 | $4.05 |
| Carolyn Smith | $0.00 | $2.03 | $2.03 |
| Charda Smith | $0.00 | $4.05 | $4.05 |
| Heather Smith | $0.00 | $8.15 | $8.15 |
| Tracy Stavole | $0.00 | $206.80 | $206.80 |
| Bethany Stout | $1,601.01 | $0.00 | $1,601.01 |
| Joan Sullivan | $37.69 | $0.00 | $37.69 |
| Daniel Tatro | $0.00 | $85.06 | $85.06 |
| Amanda Taylor | $0.00 | $105.73 | $105.73 |
| Peggy Tilley | $0.00 | $87.08 | $87.08 |
| Brittany Toth | $0.00 | $12.23 | $12.23 |
| Kayla Tvrdik | $0.00 | $219.35 | $219.35 |
| Dorothy Valladares | $0.00 | $14.18 | $14.18 |
| Colleen Venier | $2,392.70 | $241.99 | $2,634.69 |
| Heather Vrutneski | $0.00 | $58.73 | $58.73 |
| Sylvia Wabushi | $0.00 | $16.28 | $16.28 |
| Cecilia Walcott | $0.00 | $4.05 | $4.05 |
| Makesha Wellington | $0.00 | $4.05 | $4.05 |
| Ian Wesner | $0.00 | $32.40 | $32.40 |
| Tina Whalen | $0.00 | $4.08 | $4.08 |
| Cisely White | $618.45 | $1,086.62 | $1,705.07 |
| Andrea Williams | $40.38 | $0.00 | $40.38 |
| Brenda Williams | $0.00 | $2.03 | $2.03 |
| Lacinna Williams | $0.00 | $4.05 | $4.05 |
| Renee Williams | $0.00 | $30.50 | $30.50 |
| Siara Williams | $0.00 | $22.28 | $22.28 |
| Vicki Williams | $0.00 | $149.85 | $149.85 |
| Christine Wilson | $0.00 | $6.08 | $6.08 |

*White v. D J Quality Care Enterprises Inc. d/b/a ComForCare*

**Appendix 1**

| Name | Total OT Owed | Total Travel Time Owed | Total Owed |
|---|---|---|---|
| Cristiane Wilson | $13.50 | $0.00 | $13.50 |
| Sha'ron Winfield | $0.00 | $30.44 | $30.44 |
| Cathy Wojtkiewicz | $0.00 | $87.08 | $87.08 |
| Iris Woods | $0.00 | $4.05 | $4.05 |
| Jessica Workman | $20.00 | $552.83 | $572.83 |
| Anastasia Wright | $0.00 | $4.05 | $4.05 |
| Patty York | $0.00 | $6.08 | $6.08 |
| Vicki Zahara | $324.34 | $28.43 | $352.77 |